MICHAEL N. NICASTRO - State Bar #161188
CHRISTINA M. CHAN - State Bar # 259177
**NICASTRO PISCOPO, APLC**
575 Anton Boulevard, Suite 1050
Costa Mesa, California 92626
Telephone: (714) 479-1000
Fax: (714) 479-0909
Email: courtfiling@np-attorneys.com
General Insolvency Counsel
to the Debtor Drew Pennington Maconachy

Sean A. O'Keefe -- SBN 122417
**OKEEFE & ASSOCIATES**
**LAW CORPORATION, P.C.**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4165
Fax: (949) 720-4111
Email: sokeefe@okeefelc.com
Litigation Counsel to the Debtor,
Drew Pennington Maconachy

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DREW PENNINGINGTON MACONACHY,<br><br>Debtor and Debtor-in-Possession. | Case No.: 8:11-bk-27587 TA<br><br>Chapter 11<br><br>**MOTION FOR ORDER: 1) APPROVING SETTLEMENT; 2) APPROVING THE RESIGNATION AND EXONERATION OF THE PLAN LIQUIDATING AGENT; 3) APPROVING FINAL DISTRIBUTION; 4) CLOSING ESTATE AND REVESTING ESTATE PROPERTY IN DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF DREW PENNINGTON MACONACHY AND SEAN A. O'KEEFE (filed separately) IN SUPPORT THEREOF**<br><br>[To Be Set]<br>DATE:<br>TIME:<br>PLACE: Ctrm. "5B " |

Drew Pennington Maconachy, the debtor (the "Debtor"), hereby moves the Court for an order granting the following relief:

A. Approving the "global" settlement agreement more fully set forth in Exhibit "1" to the Declaration of Drew P. Maconachy (the "Maconachy Declaration");

B. Approving the resignation of Thomas Casey as the Plan Liquidating Agent, finding that Mr. Casey is fully exonerated from all claims and liabilities that may have arisen during his tenure as Plan Liquidating Agent and approving the appointment of the Debtor as the replacement Plan Liquidating Agent;

C. Approving the final distribution provided for in Exhibit "5" hereto;

D. Closing the bankruptcy estate and revesting the property of the estate in the Debtor;

E. Retaining jurisdiction over this case to hear and rule upon a motion under 11 U.S.C. § 505, and to otherwise resolve any and all tax claims against the estate; and

F. Granting such further relief as the Court deems just and proper.

This Motion is made on the basis of the within points and authorities, the concurrently filed Maconachy Declaration and upon such other evidence as the Court elects to consider prior to or at the hearing on this matter.

DATED: November 13, 2013         **OKEEFE & ASSOCIATES**
                                 **LAW CORPORATION, P.C.**


                                 By:   /s/ *Sean A. O'Keefe*
                                       Sean A. O'Keefe
                                       Special Litigation Counsel to the Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### SUMMARY OF MOTION

Prior to the filing of this Chapter 11 case, the Debtor was involved in protracted litigation in the United States District Court for the Eastern District of New York (the "EDNY Case") with the CARCO Group, Inc., and Ponjeb V, LLC (together the "CARCO Parties"). This litigation has (to date) spanned eight years, it included two trials, and two appeals before the Second Circuit. The instant motion seeks to end this litigation through a comprehensive settlement that will resolve the EDNY Case, resolve a dischargeability adversary proceeding that is pending in this Court, allow the bankruptcy estate to make a final distribution to the CARCO Parties, and enable the Debtor to close the estate. As more fully explained herein, this relief is in the best interest of the estate and its creditors (all of whom have been paid other than the CARCO Parties), and the Debtor.

Concurrently herewith, the Debtor is filing a motion seeking an order setting a hearing on this Motion on shortened notion (the "OST Application"). As more fully explained in the OST Application, this relief is necessary due to A) the pendency of an order entered in the EDNY Case that compels the parties to take action in the EDNY Case by December 5, 2013, B) to comply with the terms of the Settlement Agreement, and C) to enable the Debtor to "close" the estate in this calendar year, thereby avoiding the cost of another set of tax returns. Since all creditor claims have been paid in full other than the claims of the CARCO Parties, the Debtor does not expect any opposition to the Motion.

### II

### SUMMARY OF MATERIAL FACTS

A.    **The Debtor.** The Debtor, who is 64 years old, lives with his wife in Coto De Caza, California. During his employment career, the Debtor was employed by the Federal Bureau of Investigation, as a Special Agent. The Debtor is currently employed by Maconachy Investigative Group.

**B. EDNY Litigation.** During the 1990s, the Debtor was employed by Murphy & Maconachy, Inc. ("MMI"), a private investigative firm that was owned by John Murphy and the Debtor. In calendar year 2000, the CARCO Group, Inc. ("CARCO") acquired all of the common stock of MMI from the Debtor and Murphy pursuant to an asset purchase agreement. After the acquisition, the Debtor and Murphy were employed by CARCO pursuant to long term employment contracts.

In 2004, disagreements arose between CARCO and the Debtor, during his employ, regarding the most effective means of increasing sales at MMI, and these disagreements ultimately forced the Debtor to leave the company. In 2005, CARCO initiated litigation against the Debtor in the United States District Court for the Eastern District of New York (the "EDNY Case") seeking damages arising from and relating to his actions during his employ with CARCO.

At the conclusion of the trial in the CARCO Case, and the remand proceeding that followed the first appeal to the Second Circuit, CARCO was left with a judgment against the Debtor in the amount of $889,711.00, plus prejudgment interest of $444,902.07, on its faithless servant claim (the "Faithless Servant Judgment"), and with a judgment in the amount of $571,506.85, plus prejudgment interest of $381,046.32, on its breach of contract claim (the "Contract Claim Judgment" as defined herein). The Debtor paid both judgments in full and appealed the Contract Claim Judgment to the Second Circuit a second time.

On December 1, 2011, the trial court awarded CARCO $1,826,658.17 in attorneys fees, as the prevailing party on its breach of contract claim (the "Attorneys Fee Judgment" as defined herein). The Attorneys Fees Judgment was entered on December 14, 2011, and the Debtor timely appealed this judgment to the Second Circuit Court of Appeals. The CARCO Parties filed a cross appeal wherein they disputed the EDNY's reduction of their attorneys fees.

In its May 21, 2013 opinion, the Second Circuit entered a second appellate ruling in the EDNY Case wherein it reversed and remanded the Contract Claim Judgment and the Attorneys Fee Judgment. As of this writing, the EDNY is preparing to initiate what would be a second "mini-trial" on the issues addressed in the Second Circuit's second appellate ruling.

Both the Debtor and the CARCO Parties face the risk of adverse ruling either before the

EDNY, or in what would be a certain third appeal to the Second Circuit thereafter. Moreover, both parties recognize that the continuance of the litigation in the EDNY Case will necessarily cause both parties to incur substantial additional costs, and prolong a contest that has already spanned an eight year period, for at least two or three more years. Based upon these considerations, the parties have agreed to settle the EDNY Case on the terms more fully set forth herein.

   C.   **The Debtor's Chapter 11 Filing.** The Debtor filed Chapter 11 on December 27, 2011. Since this filing, the Debtor has remained in possession and control of the assets of the Chapter 11 estate as the debtor-in-possession.

   D.   **The Debtor's Chapter 11 Plan.** The Debtor *First Amended Chapter 11 Plan of Reorganization, As Revised* (the "Plan") was confirmed by the Court pursuant to an order entered on March 19, 2013. In summary, the Plan provides for the sale or other disposition of substantially all of the Debtor assets within a period of approximately one year, and for the payment in full of all Allowed Claims from the resulting proceeds of these sales. As of this writing, all claims against the estate have been paid other than the claims of the CARCO Parties.

   E.   **The Discharge Action.** On April 2, 2012, CARCO filed a complaint against the Debtor in this Court seeking to bar the discharge of the claims alleged in the MMI Action on various grounds, initiating <u>CARCO Group, Inc. v. Maconachy</u>, Adversary No. 18:12-ap-01155 TA (the "Discharge Action"). This action will also be resolved by the Settlement Agreement.

   F.   **The Proposed Settlement.** The settlement set forth in the Settlement Agreement includes the following material terms:

   1. The CARCO Parties will receive payments of $1.5 million (with a $50,000 discount if all other amounts are paid in full on or before October 15, 2015) in full satisfaction of any and call claims of any kind or nature held by the same against the Debtor or the estate (the "Settlement Amount");

   2. The sum of approximately $1.2 million of the Settlement Amount shall be paid by the estate to CARCO, on or before December 31, 2013. Contemporaneously with the estate's payment the Debtor shall pay CARCO

the difference between $1.3 million and the amount paid by the estate. The balance of the Settlement Amount shall be paid in the form of the promissory note attached to the Maconachy Declaration as Exhibit "2" (the "Note"). As indicated in the Note, if the Debtor pays off the balance owed on the Note within two years, he will receive a $50,000 discount;

3. The Note will be secured by a Security Agreement in the form attached to the Maconachy Declaration as Exhibit "3", and it will be further secured by the Stipulation for Entry of Judgment attached to the Maconachy Declaration as Exhibit "4";

4. All claims held by the parties to the Settlement Agreement shall be forever waived and released; and

5. The Discharge Action shall be dismissed with prejudice.

The net effect of the settlement described above is the following. The CARCO Parties will receive a substantial distribution, eight years of litigation will end, all claims against the estate will be paid in full, the Discharge Action will be dismissed with prejudice, and the Debtor will leave this bankruptcy free and clear of all debts and claims, owning a series of assets that have significant value.

**G.    The Appointment of The Debtor As The Plan Liquidating Agent.** Due to the adverse relationship that existed between the Debtor and the CARCO Parties, a neutral party and an experienced trustee and attorney, Thomas Casey ("Mr. Casey"), was appointed to serve as the Plan Liquidating Agent. For the past eight months, Mr. Casey has performed his assigned tasks under the Plan competently, efficiently and cost-effectively, and he has materially assisted the contesting parties in achieving the global settlement described above. However, at this juncture, Mr. Casey and the Debtor are in agreement that his services are no longer required. Accordingly, with the agreement of the CARCO Parties, Mr. Casey will resign his position as the Plan Liquidating Agent, and the Debtor will fulfill this role in the last months of this case. As more fully explained in the following section, the Debtor's task will largely be limited to making the distribution to the CARCO Parties that is provided for in the Settlement Agreement, paying

1  applicable U.S. Trustee fees, and working with the estate's tax counsel and accountants to file the
2  final tax returns and to obtain court approval of the same.
3        **H.    Approval of The Final Distribution.** Attached to the Maconachy Declaration as
4  Exhibit "5" is an itemization of the final payments that will be made by the Debtor, as the new
5  Plan Liquidating Agent.

## III

## LEGAL AUTHORITES

8        **A.    The Settlement Is Fair and Equitable.** To obtain court approval, a settlement
9  must be "fair and equitable" to the creditors, <u>Woodson v. Fireman's Fund Ins. Co. (In re
10 Woodson)</u>, 839 F.2d 610, 620 (9th Cir.1988), in the best interests of the estate <u>CAM/RPC Elecs. v.
11 Robertson (In re MGS Mktg.)</u>, 111 B.R. 264, 266–67 (9th Cir. BAP 1990), and "reasonable, given
12 the particular circumstances of the case." In determining the "fairness, reasonableness and
13 adequacy" of a proposed settlement a bankruptcy court must consider: (a) the probability of
14 success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c)
15 the complexity of the litigation involved, and the expense, inconvenience and delay necessarily
16 attending it; and (d) the paramount interest of the creditors and a proper deference to their
17 reasonable views in the premise. <u>In re A & C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986). In
18 this case, the proposed settlement satisfies all of the foregoing factors to the extent that they apply.
19        The "probability of success" factor is only marginally relevant in this context. The EDNY
20 Case has been pending for eight years, the issues presented are complex, and both the Debtor and
21 the CARCO Parties are convinced of the merits of their respective claims and defenses.
22 Quantifying the relative merits of each party's position with any certainly would not only be
23 difficult, but quite frankly impossible. In contrast, what can readily be quantified is the amount of
24 additional resources that both parties would have to expend in the EDNY Case if the matter was
25 pursued to a final conclusion. The latter figure would almost certainly exceed the $500,000 on the
26 estate's side of the ledger, and presumably the CARCO Parties would incur fees and costs in an
27 equal amount.
28

The second <u>A&C</u> factor, "difficulty of future collection", has limited application. A "win" for the estate in the EDNY Case or in a follow-up Second Circuit appeal could reduce or even eliminate the CARCO Parties' claims, resulting in a right to a "refund." In the latter circumstance, the estate believes that the CARCO Parties would have sufficient funds to pay any such a claim.

The "complexity of the litigation factor" strongly militates in favor of settlement. The contest between the Debtor and the CARCO Parties involves a series of complex arguments and counter arguments that have traveled up the federal appellate ladder twice, without a definitive ruling. If the EDNY were to conduct yet another remand proceeding, it is all but certain that the losing party would file a third appeal. Given this complexity and history, neither side can accurately predict how the parties' relative claims and defenses will fare in the future. In contrast, the substantial cost benefits that will be achieved through the settlement are certain.

The "paramount of interest of creditors" factor, which is the most important, militates strongly in favor of court approval to the following extent. Since the CARCO Parties are the only remaining creditor of the estate, and they support Court approval of the settlement, this factor necessarily militates in favor of Court approval of the settlement.

**B.    The Installation of The Debtor As Plan Agent Is Authorized By The Confirmation Order.** Pursuant to the order confirming the Plan, the Debtor is authorized to serve as the Plan Liquidating Agent if the CARCO Parties consent to this relief, and they have so consented.

**C.    The Closing of The Estate Is Appropriate.** Once the Debtor makes the distribution to CARCO provided for in the Settlement Agreement from estate funds, all remaining payments to this creditor will be paid by the Debtor, in accordance with the terms of the Note. Since all other creditor claims have been paid and the Plan terms will have been performed, closing the estate is both legally and practically appropriate.

**D.    The Court Has The Power To Release and Exonerate The Plan Agent and To Approve A Final Distribution.** Section 11.1.4 of the Plan provides:

11.1.4 Plan Implementation. The Bankruptcy Court shall retain jurisdiction to

> implement and enforce the provisions of the Plan and the Confirmation Order, and otherwise to enter orders in aid of confirmation and implementation of the Plan, including, without limitation, appropriate orders to protect the Reorganized Debtor's efforts to implement the Plan from any action or other proceeding that may be initiated by any Creditor.

(Dkt. No. 274). Pursuant to this section the Court has authority to release and exonerate Mr. Casey as the Plan liquidating Agent, and to approve of the final distribution itemization.

## IV

## CONCLUSION

For the reasons explained above, the relief prayed for in the Motion is in the best interest of creditors, the estate and the Debtor, and it is consistent with the terms of the Plan. Accordingly, Court approval of the Motion is appropriate.

DATED: November 13, 2013

**OKEEFE & ASSOCIATES**
**LAW CORPORATION, P.C.**

By: /s/ *Sean A. O'Keefe*
Sean A. O'Keefe,
Special Litigation Counsel to the Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
575 Anton Blvd., Suite 1050, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): *MOTION FOR ORDER: 1) APPROVING SETTLEMENT; 2) APPROVING THE RESIGNATION AND EXONERATION OF THE PLAN LIQUIDATING AGENT; 3) APPROVING FINAL DISTRIBUTION; 4) CLOSING ESTATE AND REVESTING ESTATE PROPERTY IN DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF DREW PENNINGTON MACONACHY AND SEAN A. O'KEEFE (filed separately) IN SUPPORT THEREOF* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 18, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Bailey    todd.bailey@ftb.ca.gov
- Ismael Bautista    ibautista@foxrothschild.com, lholloman@foxrothschild.com;mmcneil@foxrothschild.com;acraig@foxrothschild.com;jlozano@foxrothschild.com;cliu@foxrothschild.com
- Thomas H Casey    lmiller@tomcaseylaw.com, msilva@tomcaseylaw.com
- Christina M Chan    courtfiling@np-attorneys.com
- Christina M Chan    courtfiling@np-attorneys.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Eric M Heller    eric.m.heller@irscounsel.treas.gov
- Elmer D Martin    elmermartin@gmail.com
- Avi Muhtar    amuhtar@gmail.com, amuhtar@ecf.inforuptcy.com
- Michael N Nicastro    courtfiling@np-attorneys.com
- Michael N Nicastro    courtfiling@np-attorneys.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Sean A Okeefe    sokeefe@okeefelc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 18, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**: (Via Messenger)
Honorable Theodor C. Albert
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/18/2013 | Mildred Boyd | /s/ Mildred Boyd |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**